UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONICA MAPP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 13-329 (RCL) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Plaintiff Monica Mapp, a former probation officer for the District of Columbia Superior Court, filed suit against the District alleging multiple counts of discrimination and retaliation. Upon consideration of the District's Motion to Dismiss Counts XI–XIII of the Amended Complaint [9], the plaintiff's opposition thereto [12], and the District's Reply [13], the Court orders the plaintiff to submit a statement of the facts supporting the gender discrimination claims.

**I.   BACKGROUND**

Monica Mapp began her tenure as a probation officer with the Court Social Services Division ("CSSD") of the Superior Court on February 18, 2008.[1] Am. Compl. ¶ 9. Ms. Mapp served under two immediate supervisors, Lawrence Weaver and LaJuan Woodland, who in turn reported to the Director of CSSD, Terri Odom. *Id.* ¶ 20,22. In accordance with the federal Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2611–2654, and the D.C. Family and Medical Leave Act ("DCFMLA"), D.C. Code Ann. § 32-503, CSSD operated under

---

[1] As this case is before the Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must assume the truth of the plaintiff's factual allegations. The factual background is adapted from the facts alleged by the plaintiff in the Amended Complaint.

a policy that permitted periodic, unscheduled family and medical leave for employees. Am. Compl. ¶ 16.

In the summer of 2010, Ms. Mapp was diagnosed with Irritable Bowel Syndrome, which caused "severe, incapacitating attacks that [occurred] suddenly [and] without warning." *Id*. ¶ 14, 20. In light of these sudden and severe attacks, the Superior Court's human resources staff twice approved Ms. Mapp for up to twelve weeks of unpaid, unscheduled medical leave to be used as needed through June 2012. *Id*. ¶ 16. Whenever her medical condition required her absence from the office, the policy required that Ms. Mapp submit medical documentation to the court's human resources staff—not her CSSD supervisors. *Id*. ¶ 21.

Notwithstanding human resources' approval of Ms. Mapp's leave, Ms. Odom, Mr. Weaver, and Ms. Woodland criticized Ms. Mapp's medical leave and refused to implement the accommodations recommended by her physicians. *Id*. ¶ 18, 20. 22. In June 2011, Mr. Weaver and Ms. Woodland began sending "threatening" e-mail messages to Ms. Mapp, demanding that she submit medical records supporting her absences directly to them. *Id*. ¶ 23. The human resources division informed Mr. Weaver and Ms. Woodland that Ms. Mapp had submitted the appropriate documentation in compliance with the court's FMLA policy, and Ms. Mapp refused to submit her records for Weaver and Woodland's review. *Id*. ¶ 26. As a result, Ms. Mapp was subjected to several "abusive bullying sessions," where she was "aggressively and abusively berat[ed]" by her supervisors regarding her medical leave. *Id*. ¶ 28, 31.

On November 1, 2011, Mr. Weaver and Ms. Woodland rated Ms. Mapp's job performance as "needing improvement" and enacted an Employee Improvement Plan. *Id*. ¶ 30. In a March 22, 2012 memorandum, Mr. Weaver and Ms. Woodland alleged that Ms. Mapp submitted tardy reports, managed her caseload poorly, and failed to maintain electronic records

for her probation cases. *Id*. ¶ 36–40. On May 21, 2012, Ms. Mapp received a Notice of Intent to Terminate Employment from Ms. Odom. Ms. Odom fired Ms. Mapp on August 6, 2012. *Id*. ¶ 44–45.

Shortly before her termination, on May 11, 2012, Ms. Mapp filed concurrent discrimination complaints with the Equal Employment Opportunities Commission and the D.C. Office of Human Rights. *Id*. ¶ 43. On September 11 and November 14, 2012, Ms. Mapp added claims of gender discrimination and retaliatory termination to both complaints. *Id*. ¶ 6. On July 1, 2013, the EEOC dismissed Ms. Mapp's charges of discrimination and issued a Notice of Rights. *Id*. ¶ 7.

Ms. Mapp filed suit in this Court, alleging multiple counts of discrimination in violation of the FMLA, the DCFMLA, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the D.C. Human Rights Act ("DCHRA"). The initial complaint, filed on March 13, 2013, was filed before the EEOC issued the Notice of Rights on July 1, 2013. The District filed a motion seeking dismissal of the complaint because, among other things, the plaintiff had not exhausted her administrative remedies.[2] The plaintiff amended her complaint on July 25, 2013 to fix and address the issues raised by the District's motion, and this Court has denied the District's motion as moot. The District then filed the instant motion, seeking dismissal of Counts Eleven through Thirteen of the Amended Complaint, which allege gender

---

[2] The District also sought dismissal of the complaint because (1) the plaintiff named the Superior Court, which is *non sui juris*, as the sole defendant; (2) two the of the counts were duplicative; and (3) the plaintiff failed to state a claim for which relief could be granted under 42 U.S.C. § 1983. Def.'s Mot. to Dismiss & Mot. for Summ. J., ECF No. 5. In the same motion, the District sought summary judgment because the plaintiff failed to comply with D.C. Code § 12-309 as to her claim for unliquidated damages and because plaintiff failed to exhaust her administrative remedies. *Id*. The plaintiff's Amended Complaint properly names the District as the defendant, attaches the Right to Sue notice from the EEOC evidencing plaintiff's exhaustion of her administrative remedies, and removes the duplicative counts, as well as the plaintiff's claims under §1983 and for liquidated damages. As such, the Court has denied the District's motion [5] as moot in a separate order issued this date.

discrimination in violation of Title VII and the DCHRA.³  As to these counts, the District argues that the Amended Complaint asserts nothing more than "blanket conclusions," Def.'s Mot. at 9, and thus fails to meet the pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The District therefore moves this Court to dismiss these counts pursuant to Rule 12(b)(6) because they fail to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  Although Rule 8(a)(2) does not require "detailed factual allegations," a complaint must present more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id*.  Taken together, the facts alleged in the complaint must be sufficient to raise a plausible claim and to permit "the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

In deciding the motion, the Court must "accept the plaintiff's factual allegations as true and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). (internal quotations omitted).  "Factual allegations, although assumed to be true, must still 'be enough to raise a right to relief above the speculative level.'"  *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

---

³ In addition to dismissal under Rule 12(b)(6), the instant motion also sought summary judgment as to plaintiff's Title VII and ADA claims; however, the District has withdrawn its motion for summary judgment.  Def.'s Reply to Plf.'s Opp'n, ECF No. 13, at 1.

**III. ANALYSIS**

Ms. Mapp alleges that the District discriminated against her on account of her gender in violation of Title VII and the D.C. analogue to Title VII, the D.C. Human Rights Act.[4] Title VII makes it "an unlawful employment practice for an employer . . to discharge . . . or otherwise to discriminate against any individual . . . because of such individual's . . . sex" 42 U.S.C. § 2000e-2(a)(1). With respect to discrete discrimination claims, plaintiffs must plead two elements: "(i) the plaintiff suffered an adverse employment action (ii) because of the [her] . . . sex . . . ." *Brady v. Office of Sergeant of Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008). The second element—that the adverse action was motivated by discriminatory intent—is most often proven by "produc[ing] evidence suggesting that the employer treated other employees of a different . . . sex . . . more favorably in the same factual circumstances." *Id*. at 495.

There is no question that Ms. Mapp's termination was an adverse employment action, and she alleges that her "gender was a motivating factor in the decision to terminate [her] employment." Am. Compl. ¶ 146, 163. In support of these elements, Ms. Mapp alleges that:

> Plaintiff was treated disparately compared to other similarly situated male probation officers in that she was subjected to heightened scrutiny, reporting, and performance standards that were not applied to those male comparators.

*Id*. ¶ 145, 162. Ms. Mapp has therefore pleaded each of the legal elements of the claim and a nominal factual allegation to support her legal conclusion. The factual allegation—without identifying the "male comparators" or how they were "treated disparately"—comes perilously close to the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court cautioned against in *Twombly* and *Iqbal*. Consequently, before determining whether to dismiss Ms. Mapp's Title VII and DCHRA claims,

---

[4] The D.C. Human Rights Act § 2-1402.11, makes it unlawful "to discharge[] any individual . . . based upon [her] . . . sex." The analysis of DCHRA and Title VII claims is identical. *See, e.g.*, *Furline v. Morrison*, 953 A.2d 344, 352 (D.C. 2008) (applying Title VII analysis and precedents to DCHRA claim).

5

the Court directs the plaintiff to submit, within 15 days, a statement of facts alleged to support her disparate treatment theory. Upon receipt of this statement, the Court will determine whether the gender discrimination counts should be dismissed or whether the complaint should be amended to reflect additional facts.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on November 25, 2013.